## CASSIDY and others *vs.* BIGELOW and others.

The complainants, trustees and *cestuis que trust*, held a second mortgage on premises on which a defendant held the prior mortgage. The defenddant was interested as a *cestui que trust* under the second mortgage. He also had a claim against the mortgagors, which was not secured by mortgage. The complainants were permitted to redeem his mortgage, and he was compelled to accept the amount of the principal, interest, and costs of the decree and execution in foreclosure on his mortgage, which was deposited in court on his refusal to accept it when tendered to him, with interest on it at the rate (four per cent. per annum) allowed by the rule of the court, since the default was made, and to assign the decree and execution to secure to those of the *cestuis que trust* under the second mortgage, who had contributed for the redemption, the repayment of their contribution, with interest. For the protection of the defendant's interest under the second mortgage, it was decreed that no sale of the mortgaged premises under the decree should be made, except by order of this court.

On order to show cause why an injunction should not be issued restraining the defendant, Bigelow, and the sheriff, from selling under an execution for the sale of mortgaged premises.

*Mr. Gilchrist*, for complainants.

*Mr. C. Parker*, for defendant, Bigelow.

THE CHANCELLOR.

The complainants, George W. Cassidy, Francis T. Lilliendahl, Virgil de Escoriaza, and Simon Bernheimer, as trustees, and Simon Bernheimer and Virgil de Escoriaza in their own right, and the Marine National Bank, the National Park Bank, and other individuals and corporations, file their bill to redeem. The trustees are holders of a mortgage to secure the payment of over $200,000 upon the brewery premises of Rommelt and Leicht, in Hudson county, on which the defendant, Bigelow, when they took their mortgage, held a

prior mortgage for $50,000, and interest. Upon this mortgage he had then obtained a decree for foreclosure and sale, in this court. That decree is still unsatisfied. An execution was issued upon it, under which the premises have been advertised for sale by the sheriff, but no sale has as yet taken place, adjournments having been made from time to time. At the filing of the bill the defendant, Bigelow, threatened to proceed to sale. The trustees hold their mortgage in trust for various creditors of Rommelt and Leicht, among whom are two of their own number, and the other complainants, and the defendant, Bigelow. The premises comprised in the mortgage consist of about two acres of land, in what was formerly Hudson City, (now included in the boundaries of Jersey City,) on which is a very large brewery of costly construction, with stables, wagon-houses, wagon-shop, a large cooperage, a large dwelling-house for workmen, a saloon in a large frame building, a bowling-alley, and a summer-house, and the private dwelling-house of Rommelt and Leicht, the mortgagors. In addition to this property, the mortgage of the trustees covers two plots, containing nearly an acre, adjoining the land covered by the first mortgage, and about eight city lots, near to, but not adjoining the premises described in the first mortgage. The trustees hold, besides, as security for their mortgage debt, a chattel mortgage of all the tools, machinery, and implements, casks, barrels, wagons, horses, and other personal property, belonging or relating to the brewery or its business. This personal property is of the value of about $30,000, and if sold apart from the brewery, must be sold at a comparative sacrifice. The business is now successfully carried on by Rommelt and Leicht, who, since the giving of the mortgage of the trustees, have paid on account of the debt secured thereby, about $54,000, and there is now unpaid on account of it, $154,000, of which unpaid indebtedness, the amount of $126,000 is held by those of the beneficiaries under the second mortgage who have contributed to redeem the first. The premises are more valuable to Rommelt and Leicht than to anybody else. The part

covered by the first mortgage is by far the most valuable part of them, the buildings being upon it. The property, if sold at this time, would not, it is alleged, bring over half of its value, and a sale would endanger, if not destroy, the complainants' security. The interest of the defendant under the second mortgage is about $6000. The defendants, Rommelt and Leicht and their wives, have answered, consenting to the substitution of the complainants in the place of Bigelow, as the owner of the decree, and admitting that the payment thereof by the complainants, or any of them, should not extinguish the debt or lien of the decree, and consenting that the decree shall remain a first lien on the premises mentioned therein, subject to a prior mortgage of about $2300, on part of those premises.

The complainants ask to be permitted to redeem Bigelow's mortgage, in the interest and for the protection of the trust under their mortgage. Before filing the bill they applied to Bigelow, and requested him to permit them to redeem his mortgage, tendering themselves ready to pay the amount due on the decree and execution, on his executing an assignment thereof to them, but he refused. He expressed his willingness, however, to accept the amount tendered in payment of the decree, and acknowledge satisfaction, but refused to permit the complainants to be substituted by virtue of such payment, to his rights under the decree.

Bigelow has answered, admitting the facts above stated. He resists the complainants' claim to subrogation, on the ground that he, having a debt secured by the mortgage of the trustees, and another debt due from Rommelt and Leicht, not secured by mortgage upon the brewery premises, has a right to protect those claims by means of his mortgage, and this, he thinks, can be best done by compelling payment. His counsel argues that his equity is equal to that of the complainants, and that, therefore, if this court should allow the desired subrogation, he, by virtue of his interest under the mortgage to the trustees, might, in turn, successfully apply to be permitted to redeem the mortgage now held by him from

them. He further insists that, if the substitution be allowed, the complainants will, by reason thereof, have the advantage over him which he now has over them. But no such result is to be anticipated. It is admitted that, notwithstanding the statement in the answer to the contrary, the application to redeem is made in behalf of the whole trust, including, of course, the defendant's claim thereunder, although the complainants, other than the trustees, have alone contributed the whole of the money requisite to the redemption. This court will see to it that in the subrogation, no advantage is given to the complainants, to the prejudice of Bigelow's interest as a beneficiary under the mortgage held by the trustees. The decree is under the control of this court. If it be decreed to stand as security to the complainants for the amount advanced to redeem Bigelow, with the restriction that sale of the mortgaged premises under it shall not be made without the order of the court, it is difficult to see how Bigelow's interest, under the mortgage of the trustees, can be prejudiced. The right of the mortgagees under that mortgage to redeem, under the circumstances, is clear. Tacking is not permitted in this state ; nor will the fact that the prior mortgagee has an interest under the subsequent one, prevent the court from decreeing the redemption.

In *Saunders* v. *Frost*, 5 *Pick.* 259, the holder of the first and second mortgages was, with two other persons, the holder of the third. He was in possession under the first and second. The two who were interested with him in the third mortgage, applied to redeem him as to the first and second. He resisted, on the ground of his interest in the third mortgage, insisting that he was entitled to hold the premises until his debt under that mortgage should be paid, and that, therefore, the complainants should be required to redeem him not only as to the first and second mortgages, but also as to his interest under the third. It was held that they might redeem him as to the first and second mortgages, and though they could not compel him to contribute, he could not avail himself of his interest in the third mortgage, but they would

be entitled to possession until they were reimbursed his proportion, and that, if he elected to hold under the third mortgage, he should contribute to the redemption of the first and second, in the proportion his interest in the third bore to that of the other two mortgagees.

Bigelow claims that, inasmuch as in his judgment it will be to his interest, with a view to the collection of his debt, which is not secured by mortgage on the brewery, that his debtors should be compelled to pay off his mortgage, the court will not compel him to assign that mortgage. It is difficult to see how the collection of the debt, unsecured by mortgage, is to be facilitated or accelerated by compelling the debtors to pay off his mortgage, but were such a result to be expected, that would not prevent the court from doing equity between him and the trustees as mortgagees. It is the equitable right of the trustees to be permitted to redeem his mortgage, and to hold the premises under it, until they shall have been reimbursed their necessary expenditure to that end—the principal, interest, and costs due on the decree. And they have a right to an assignment of the decree. *Pardee* v. *Van Anken*, 3 *Barb. R.* 534 ; *Averill* v. *Taylor*, 8 *N. Y.* 44 ; *Cheesebrough* v. *Millard*, 1 *Johns. Ch.* 409 ; *Stevens* v. *Cooper*, *Ib.* 425 ; *Smith* v. *Green*, 1 *Coll.* 555 ; *Ex parte Crisp*, 1 *Atk.* 133. The complainants, on filing the bill, paid into court the full amount, $56,975, due on the decree. They had previously tendered it to Bigelow, who, as before stated, refused to receive it, except in satisfaction of the decree. He is not entitled to interest on the money secured . by the decree, except that which is allowed on money paid into court. *Austen* v. *Dadwell's Ex'rs*, 1 *Eq. Ca. Abr.* 319.

The order to show cause will be made absolute, and an injunction will be issued restraining Bigelow from selling under the decree. On his executing an assignment of the decree and execution to the trustees, in trust, to secure to the contributing complainants the repayment to them of the amount by them contributed to the redemption, with interest, on so much thereof as is principal, from the time when the

money was paid into court, he will be permitted to take the money deposited, with the interest on it, payable under the rule of this court.

For the complete protection of Bigelow, in respect of his claim under the mortgage held by the trustees, no sale under the execution will be permitted without the previous order of the court.